# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JARON GILBERT, a minor by his mother and next friend, JACQUELINE JAMES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 09-cv-2339 |
| TERRANCE ROSS, a Cook County Officer, ET AL., | ) ) ) | Judge Robert M. Dow, Jr. |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jaron Gilbert, a minor by his mother and next friend, Jacqueline James, filed a seven-count complaint [1] on April 17, 2009, alleging violations of state and federal law by Defendants Thomas Dart, in his official capacity as Cook County Sheriff, Cook County Sheriff's Department, the Village of Maywood, Officer Terrance Ross, and unknown police officers from the Village of Maywood and Cook County. The Court has before it a motion to dismiss [17] filed by the Cook County Defendants as well as a motion to dismiss [13] filed by the Village of Maywood Defendants. For the reasons stated below, the Court grants in part and denies in part the Cook County Defendants' motion to dismiss and denies the Village of Maywood Defendants' motion to dismiss.

## I.    Background[1]

On April 19, 2007, Plaintiff Jaron Gilbert was walking home from Proviso East High School in the Village of Maywood. At approximately 3:30 p.m., Jaron stopped at the Mobile gas

---

[1] For purposes of Defendants' motions to dismiss, the Court assumes as true all well-pleaded allegations set forth in the amended complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

station on the corner of 1st Avenue and Madison to purchase a beverage. While Jaron was at the gas station, a fight erupted. Officers arrived on the scene, broke up the fight, and told everyone to leave. According to the complaint, Jaron was not involved in the altercation. However, shortly thereafter, after Jaron had continued his walk home, Defendant Officer Ross and an unknown officer stopped him at the corner of 9th Avenue and Madison. According to the complaint, the unknown officer pointed at Jaron and Defendant Ross grabbed Jaron by the neck, began beating him, and then threw Jaron into the back of the police car, where the beating continued. Jaron alleges that the officers then drove him to a group of known gang members where the officers told those individuals that Jaron had reported the gang members for selling drugs. The officers eventually threw Jaron out of the vehicle and into an alley, punched him in the face, and then left him in the alley.

On April 17, 2009, Plaintiff filed a seven-count complaint, naming Thomas Dart, in his official capacity as Cook County Sheriff, the Cook County Sheriff's Department, Officer Terrance Ross, the Village of Maywood, and unknown police officers from the Village of Maywood and Cook County. On August 11, Plaintiff orally moved to voluntarily dismiss Defendant Thomas Dart, and the Court granted the motion. Count I alleges a § 1983 due process violation against the Cook County Sheriff's Department and an unknown officer. Count II alleges a § 1983 due process violation against the Village of Maywood and an unknown officer. Counts III-VI allege state law claims against Officer Ross and an unknown officer for willful and wanton misconduct, assault, battery, and intentional infliction of emotional distress. Count VII alleges an indemnification claim pursuant to 745 ILCS 10/9-102 against the City of Chicago.

## II.    Legal Standard on a Rule 12(b)(6) Motion

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Detailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true, * * * 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

**III.    Discussion**

**A.    Defendant Cook County Sheriff's Department**

In Illinois, a defendant must have a legal existence, either natural or artificial, to be subject to suit. *Jackson v. Village of Rosemont*, 536 N.E.2d 720, 723 (1988). Departments within a governing unit lack the necessary separate legal existence. See *Tate v. Cook County Sheriff's Merit Bd.*, 2007 WL 2962785, at *2 (N.D. Ill. Oct. 4, 2007) ("Section 2007 identifies the Cook County Police Department as a *division* maintained by the Sheriff * * * the hallmark of nonsuability because the Department is thus not a separate legal entity") (emphasis in original). In his response brief, Plaintiff concedes that the Cook County Sheriff's Department is not a legal entity, and that the correct entity is the Sheriff of Cook County. Accordingly, the Court dismisses Plaintiff's claims against the Cook County Sheriff's Department and gives Plaintiff leave to file an amended pleading to reflect the proper defendant.

**B.    *Monell* Claims**

It is well established that a suit against an officer in his official capacity is a suit against the government entity for which the officer works. *Kentucky v. Graham,* 473 U.S. 159, 165-55 (1985). Plaintiff's suit against Officer Ross and an unidentified officer in their official capacities (Count I) is therefore treated as a suit against Cook County. By the same token, Plaintiff's suit against an unknown Village of Maywood officer in his official capacity (Count II) is treated as a suit against the Village of Maywood. The Court notes that Plaintiff has not alleged an individual capacity claim against Defendant Ross or the unknown officer under § 1983.

To impose § 1983 liability on government entities, as requested in Counts I and II, Plaintiff must establish the existence of an official policy or custom on one of three theories: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread

4

practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. *Phelan v. Cook County,* 463 F.3d 773, 789 (7th Cir. 2006) (quoting *Roach v. City of Evansville,* 111 F.3d 544, 548 (7th Cir. 1997)); see *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658 (1978). Plaintiff is not required to meet a heightened pleading standard for a § 1983 official-capacity claim. See *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993); *Simpson v. Nickel,* 450 F.3d 303, 306 (7th Cir. 2006). Thus, Plaintiff need not plead particular facts upon which he bases his claim of an official policy or custom, and a "short and plain statement" that a government entity's official policy or custom caused his injury is sufficient to survive a motion to dismiss. *Id.;* see Fed. R. Civ. P. 8(a)(2).

Citing *McCormick v. City of Chicago,* 230 F.3d 319, 325 (7th Cir. 2000), Defendants concede that the law does not require Plaintiff to meet a heightened standard of pleading to state an official-capacity claim, but emphasize *McCormick's* statement that *Monell* requires conclusory allegations to be "buttressed by facts alleging wrongdoing" by the relevant government entity. See *McCormick,* 230 F.3d at 325-26. This language should not be read to require more than notice pleading, but only to require that the pleadings allege that the government entity is responsible for the constitutional deprivation resulting from the alleged policy or custom. See *id.; Monell,* 436 U.S. at 690. In fact, as *McCormick* explicitly notes, "[t]he Supreme Court has made it very clear that federal courts must not apply a heightened pleading standard in civil rights cases alleging § 1983 municipal liability." 230 F.3d at 323 (citing *Leatherman,* 507 U.S. at 164).

Plaintiff's complaint sufficiently alleges official capacity liability under § 1983 as to Counts I and II. Plaintiff alleges that Officer Ross and an unknown officer were acting in their official capacities as Cook County and Village of Maywood police officers. Plaintiff further alleges that the Cook County Sheriff and the Cook County Sheriff's Department, as well as the Village of Maywood, directly encourage the misconduct at issue here by a failure to train, supervise, and control officers. The misconduct is described in detail in paragraphs fifteen through eighteen of the complaint, where Plaintiff specifically describes being randomly stopped, physically abused, forced into a police car without probable cause for an arrest, and dropped off near known gang members. Plaintiff alleges that the municipalities encourage this conduct by failing to punish or scrutinize it. Plaintiff also alleges that other Cook County and Village of Maywood citizens have been similarly mistreated but that there have been no findings of misconduct by the municipalities; rather, Plaintiff claims that there is a "code of silence" by which similar misconduct is not reported. These facts, when read in a light most favorable to Plaintiff, adequately state a cause of action for § 1983 municipal liability.

Defendants, relying on *Sivard v. Pulaski County,* 17 F.3d 185, 188 (7th Cir. 1994), also argue that Plaintiff's claim must be dismissed for failure to allege more than a single instance of wrongdoing. Although Plaintiff has not identified any other person who was a victim of Defendants' alleged policies, he does, as described above, allege that the failure to train, supervise, and scrutinize, as well as the "code of silence," is an ongoing practice that continually harms the citizens of Cook County and the Village of Maywood. Furthermore, *Sivard* involved a motion for summary judgment, not a motion to dismiss, and does not address notice pleading standards. See *Sivard*, 17 F.3d at 187; *Frieri v. City of Chicago,* 127 F. Supp. 2d 992, 995 (N.D. Ill. 2001) (observing that *McCormick's* holding that "boilerplate allegations" are sufficient to

plead municipal liability under § 1983 clarifies confusion created, in part, by *Sivard).* Plaintiff's

complaint, when taken as a whole, sufficiently alleges the existence of official policies or

customs that deprived Plaintiff of his constitutional rights. See *Phelan,* 2006 WL 2690986, at

*13 (citing *Roach,* 111 F.3d at 548) (emphasis added).

### C.    Punitive Damages

Counts I and II of Plaintiff's complaint request relief against the municipal Defendants in

the form of punitive damages. "A municipality is immune from punitive damages under 42

U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Smith v.

Wade*, 461 U.S. 30, 36 n. 5 (1983). Therefore, Plaintiff cannot recover punitive damages against

the municipalities under § 1983 and any claim for punitive damages is stricken from the

complaint.

### D.    More Definite Statement

The Village Defendants argue that a more definite statement is necessary for them to

prepare a response to the complaint. A complaint "must be presented with clarity sufficient to

avoid requiring a district court or opposing party to forever sift through its pages in search" of

those basic requirements of a federal court pleading. *Jennings v. Emry*, 910 F.2d 1434, 1436

(7th Cir. 1990). And where a pleading is "so vague or ambiguous that [a] party cannot

reasonably prepare a response," Rule 12(e) permits the party to "move for a more definite

statement" of that pleading. *See* 2 Moore's Federal Practice, § 12.36[1] (Matthew Bender 3d

ed.) (motion for a more definite statement is appropriate where the complaint is "overly prolix or

complex"); *cf. Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co*, 412 F.3d

745 (7th Cir. 2005) (dismissal appropriate, although rarely with prejudice, where a complaint is "confusing").

Here, Plaintiff's complaint sets forth the basis for jurisdiction in this Court, identifies his claims in separate counts, provides notice to the multiple Defendants of which claims are being asserted against which Defendants, and describes the relief sought for each claim and against each Defendant. Plaintiff provides the specific day and time that he was stopped and beaten by Officer Ross and an unknown officer. While the identity of one of the officers is currently unknown, Plaintiff has alleged that he believes the officer to be from the Village of Maywood. Plaintiff has adequately pled facts sufficient to allow Defendants to prepare a response, and the type of additional information sought by Defendants is properly obtained through the discovery process. Therefore, the Court denies the Village of Maywood Defendants' motion for a more definite statement.

### E.    State Law Claims

In their motion to dismiss, the Village Defendants argue that the state law claims against the unknown officer must be dismissed with prejudice because the statute of limitations has run. In response, Plaintiff points out that with claims involving minors, the one year statute of limitations found in the Tort Immunity Act is tolled by virtue of 735 ILCS 5/13-211. Claims are timely as long as they are filed within one year of the minor's eighteenth birthday. *Ferguson v. McKenzie*, 780 N.E.2d 660, 664 (2001). In this case, since Plaintiff still is a minor, his state law claims are timely.

**III.     Conclusion**

For the foregoing reasons, the Court grants in part the Cook County Defendants' motion to dismiss [17] to the extent that Defendants seek dismissal of the Cook County Sheriff's Department as a Defendant, as the Department is a non-suable entity.  The remainder of the Cook County Defendants' motion [17] is denied.  The Court denies the Village of Maywood Defendants' motion to dismiss in its entirety [13].  The Court strikes Plaintiff's claim for punitive damages in Counts I and II.

Dated:  January 11, 2010                                        _____
                                                                                Robert M. Dow, Jr.
                                                                                United States District Judge